## W. H. WHITE v. J. E. BARTLETT AND OTHERS.

Slaves were bequeathed in Georgia to a trustee for the benefit of the testator's daughter, during her life, with remainder to her issue living at her death; and in default of such issue, then with remainder to the sons of the testator. The testator died in 1846, and the testamentary trustee refused to act as such; whereupon W., the husband of the testator's daughter, was, by decree of a court in Georgia, appointed trustee. After the testator's death W. and wife brought the slaves to Texas, and held them here until 1857, when the wife died without issue. Within a year thereafter the sons of the testator, who held the contingent remainder, brought this action against W. for the slaves or their value; and his defense was adverse possession and the statute of limitations. *Held*, that during the life of the wife of W. their possession was consistent with both the estate for life and that in remainder, and until her death there could have been no adverse possession against the remaindermen, who, therefore, were not barred, and the defense was not good.

APPEAL from Milam. Tried below before the Hon. R. E. B. Baylor.

The judgment below was rendered in 1860. The facts, so far as there is occasion to notice them, are clearly stated in the opinion.

*W. S. Oldham,* for the appellant.

*J. D. & D. C. Giddings,* for the appellees.

OGDEN, J.—This cause was submitted at a former term, and an opinion in the case was then prepared, but before the cause was decided, it was discovered that some of the parties were dead. The submission was withdrawn to make the representatives of the deceased parties. This has been done, and the cause is now again submitted for decision. The record has been re-examined, and as we now fully concur in the opinion of the learned judge who prepared the opinion when the cause was previously submitted, we

XXXIV—25

shall take the liberty of adopting the same, with but slight altera-
tion, as the opinion of the court.

This suit was brought in the year 1858, for the recovery of cer-
tain slaves, or their value, by the appellees against the appellant.
A trial was had at the Spring term, 1860, and a judgment rendered
in favor of the plaintiffs for the sum of $12,325. The petition
set forth, substantially, that, by a legacy in the will of Abner
Bartlett, of the State of Georgia, which will was duly admitted to
record by a court in that State having jurisdiction in probate mat-
ters, a contingent estate in the slaves was bequeathed to George
T. Bartlett, a son of the testator, in trust for the wife of the ap-
pellant during her life, with a remainder to her issue living at the
time of her death; and upon failure of such issue surviving her, then
with a limitation over to the five sons of the testator, or such of
them and their descendants as might be living at the happening of
this contingency. The testamentary trustee declined to act, and
upon the petition of the wife of appellant, setting forth the nature,
character and condition of the legacy, and the refusal of the trustee
to assume the trust, the proper court of Georgia, by a decree, sub-
stituted the appellant in his stead, who executed the required bond
for the faithful performance of the trust. The trustee thus ap-
pointed and the *cestui que trust* were then domiciled in the State
of Texas, whither the slaves were immediately transferred, except-
ing a portion of them, who had previously been carried thither
about two years anterior to the death of the testator, under a loan
acknowledged in a written and recorded instrument by the appel-
lant. These slaves under the loan were embraced in the will, and
constituted a part of the legacy. The wife of the appellant, who
was the *cestui que trust*, died in the year 1857, without issue
living; and this suit was brought against her husband and trustee
in 1858. The defense set up against the cause of action was an
adverse possession and the statute of limitations.

The errors assigned are so vague and indefinite that the court

has been compelled to encounter all the labor and trouble which assignments were intended to obviate. The only specific assignment is as to the admissibility of a portion of the evidence. The admission of the will of the testator as evidence was objected to, because it was not authenticated, either according to the act of Congress, or the law of the State of Texas. But considering that the will may not have been properly admitted, still the record acts and admissions of the appellant in the proceedings of the court of Georgia, substituting him as trustee, and his receipt for the slaves, all of which were duly authenticated, were amply sufficient to sustain the verdict of the jury. Until the death of the wife, in 1857, there could be no adverse holding against the party entitled to the remainder. The holding during her life was amicable, and perfectly consistent with both the estate for life and in remainder. Not more than a year had elapsed after her death, before this suit was instituted, and no adverse holding could take place till her death. The appellees therefore had a good cause of action when they brought their suit, and upon the trial clearly established, by proof, their right to the property or its value. We think there is no error in the judgment, and it is affirmed.

Affirmed.